IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STANLEY PAUL, ADMINISTRATOR OF )
THE ESTATE OF CHRISTOPHER STANLEY )
PAUL, deceased, )
 )
    **Plaintiff,** )
 )
 )
    v. ) Civ. No. 2:14-cv-1382
 ) Judge Maurice B. Cohill
**STATE FARM MUTUAL AUTOMOBILE** )
**INSURANCE COMPANY,** )
 )
    **Defendant.** )

## OPINION & ORDER ON MOTION TO COMPEL

    This case has degenerated into a discovery squabble that does not reflect well on counsel. A chronological review of this dispute is as follows: On April 8, 2015, the Court ordered that the Defendant, State Farm Mutual Automobile Insurance Company produce certain discovery documents that were in dispute. ECF No. 23. On July 7, 2015, the Court entered an Order resolving motions for protective orders filed by each party. ECF No. 43. On July 20, 2015, the Court ordered Plaintiff to produce certain signed medical authorizations. ECF No. 45. On August 20, 2015, the Court ordered Plaintiff to provide to State Farm any remaining medical records that had not already been provided, and ordered State Farm to disclose records of telephone conversations and documents. ECF No. 50.

    Presently before the Court is another motion from counsel for Plaintiff seeking to compel State Farm to turn over documents that Plaintiff believes State Farm may be withholding. ECF No. 54. State Farm has filed a response in opposition to the motion (ECF No. 59), to which Plaintiff has filed a reply (ECF No. 60).

1

The background to the present motion is that State Farm turned over certain discovery materials to Plaintiff in response to the Court's August 20, 2015 Order. By letter dated September 4, 2015, counsel for Plaintiff requested from counsel for State Farm further information with respect to three items. Letter from Tarasi, E.to Rivetti, D., Sept. 4, 2015, attached as Ex. 1 to ECF No. 54. Counsel for Plaintiff explained that the Bates stamp number was cut off on the copies of two letters provided by State Farm (one dated July 17, 2013, and the other dated July 15, 2013), and thus counsel for Plaintiff requested copies with readable Bates stamp numbers. In addition, counsel for Plaintiff requested a copy of the obituary that was referenced in a claim file document, but not included in the materials provided to Plaintiff.

On September 9, 2015, counsel for State Farm complied with the request and turned over all three items, and explained that the "documents were not identified in the privilege log as they were not part of State Farm's claim file" and further explained that the documents "are part of Attorney Segmiller's file." Letter from Rivetti, D. to Tarasi, E., Sept. 20, 2015, attached as Ex. 3 to ECF No. 54.

Plaintiff then filed the instant motion alleging, in part, that State Farm is in possession (or has access to) "other important, relevant documentation that may still be absent and/or missing from the claims file or the Privilege Log." Pl. M. Compel, ¶ 9. At best, Plaintiff's motion is essentially a general request to order State Farm to comply with Federal Rule of Civil Procedure 26 and this Court's prior discovery Orders. Specifically, Plaintiff requests that we order State Farm to turn over relevant discovery material that State Farm is either intentionally withholding or is negligently unaware of its existence or location.

Plaintiff's counsel argues that there are relevant, but *unidentified*, discovery materials being withheld based on the fact that State Farm has been able to produce certain specific discovery documents even though the documents did not exist in State Farm's own claims file. Instead, according to Plaintiff's counsel, certain documents missing from the State Farm claim file were found in the file of Segmiller & Mendicino, P.C., counsel for State Farm. Without specifically identifying any document, Plaintiff's counsel avers that there must be other documents in the State Farm claim file that have not been turned over during discovery. Therefore, Plaintiff's counsel wants State Farm's counsel to compare the State Farm claim file with Segmiller & Mendicino's file to see what documents might be missing.

In addition, Plaintiff appears to be arguing that the Bates number sequence on State Farm documents, combined with a State Farm representative's deposition testimony as to how certain claims material is produced, raises a suspicion that there are relevant State Farm documents that have not been produced or identified. Plaintiff asks the Court to order State Farm to "produce any and all documents in the possession of Segmiller & Mendicino, P.C., that have been withheld from Defendant's claims file or any and all documents that have been listed and/or identified in the privilege log." Pl. M. Compel, ¶ 12.

In Response, State Farm confirms that the motion to compel is in reality a general request that State Farm turn over certain unspecified material that may or may not exist. State Farm points out that it has complied with our discovery orders. State Farm suggests that Plaintiff's counsel is merely speculating that additional material exists, and is unfairly attempting to gain access to privileged material. We are not in a position to physically search files and/or computer records belonging to a party or to counsel. The practice of law must necessarily depend on the faith that all parties will follow the rules. If they don't, sanctions will be in order.

Plaintiff's Reply to State Farm's Response reiterates that Plaintiff's counsel does in fact question whether Segmiller & Mendicino does possess documents that are not in State Farm's claim file, and which have not been turned over during discovery. Plaintiff's counsel is also concerned about the timing and substance of communications between Segmiller & Mendicino and State Farm itself, specifically, the personnel handling Plaintiff's claim.

Plaintiff's Reply includes substantive examples of State Farm requesting certain information from Plaintiff and Plaintiff's counsel, and Plaintiff's counsel complying with these requests and directly providing the information to Segmiller & Mendicino. Plaintiff's counsel then argues that State Farm, in one manner or another, later indicated to Plaintiff's counsel that State Farm either never received the information or never received all of the information. It appears that Plaintiff's counsel then concludes that State farm is acting in bad faith.

With regard to Plaintiff's counsel's failure to identify specific withheld documents, State Farm has attached as an exhibit to its Response email communications of counsels' attempts to resolve the discovery dispute prior to Plaintiff filing the instant motion. Ex. 2 to ECF No. 59. Having reviewed this correspondence it is apparent that Plaintiff's counsel is speculating that there must be some documents State Farm is improperly withholding, but Plaintiff's counsel never specifically identifies any such documents.

In an email dated 9/9/2015 at 4:24 PM, counsel for State Farm, Daniel Rivetti, states:

> But before [you go to the court], please tell me what exactly you want. We went through the entire Mendicino and Segmiller file and gave you what the Court directed us to produce. We cannot give you what we do not have.

Ex. 2 attached to ECF No. 59, at 5. Counsel for Plaintiff, Elizabeth Tarasi, responds to Mr. Rivetti's email by stating that she is "getting the run around," and explains that she does "not

have State Farms complete claims file (there are crucial documents missing)." Ex. 2, at 4, email dated 9/9/2015 at 4:24 PM.

Because Ms. Tarasi did not specifically identify documents, Mr. Rivetti replies, "You have the entire claim file except those documents that are identified in the privilege log. What documents do you think are missing? Please explain." Ex. 2, at 4, email dated 9/9/2015 at 4:28 PM. Ms. Tarasi responds to Mr. Rivetti as follows:

> We do not have the entire claims file. There are documents missing. There are documents that were not mentioned in the privilege log. Where are the documents we sent to Mendicino/Segmiller that should have been forwarded to State Farm and be in their claims file. Statements were made about communications between counsel yet the supporting documents are not contained in the[] claims file provided. It is inconceivable that crucial documentation and letters which State Farm allegedly relies on are not in the file.

Ex. 2 , at 3, email dated 9/9/2015 at 4:42 PM. Ms. Tarasi again fails to specify any individual documents which she believes are missing and again states that she does not have the entire claim file. Mr. Rivetti thus responds by asking Ms. Tarasi to explain her basis for concluding that she does not have the entire claim file. Ex. 2 , at 2, email dated 9/10/2015 at 10:11 PM. He then asks her, quite reasonably, in the Court's opinion, to specifically identify what documents are missing; to identify what documents are mentioned in the privilege log that are not part of the claim file; and to identify the "crucial documentation and letters." Id. Instead of identifying documents in order to resolve the dispute, Ms. Tarasi tells Mr. Rivetti that he is "playing games" and that he "know[s] exactly what is missing." Ex. 2, at 2, email dated 9/10/2015 at 10:16 PM.

We have reviewed the pleadings and exhibits related to the instant motion, and we are unable to identify the specific documents to which Ms. Tarasi refers. Plaintiff's counsel has failed to specifically identify improperly withheld documents, and we find no basis to show that State Farm's counsel is withholding relevant discovery material.

5

It simply appears that Plaintiff's counsel is attempting to obtain privileged documents. We will deny Plaintiff's request that State Farm turn over all documents identified in the privilege log. Plaintiff's counsel has provided no viable basis on which we should disregard the privilege as to the entire privilege log. In addition, Plaintiff's counsel fails to identify specific privileged documents it seeks to challenge.

State Farm remains under an obligation to provide to Plaintiff's counsel an accurate and complete privilege log. In general a typical privilege log would include (without disclosing any privileged material) a description of the document, the date, who produced or sent it, and to whom it was sent. Plaintiff's counsel already knows what material was sent by Plaintiff's legal counsel to State Farm or Segmiller & Mendicino. Presumably State Farm's privilege log would indicate that Segmiller & Mendicino transmitted to State Farm material it received from Plaintiff's counsel and on what date, or it does not. Either way Plaintiff's counsel is able to make its argument about whether and when Segmiller & Mendicino actually provided information to State Farm.

Plaintiff's counsel did ask Mr. Rivetti where "are the documents we sent to Mendicino/Segmiller that should have been forwarded to State Farm and be in their claims file. Statements were made about communications between counsel yet the supporting documents are not contained in the[] claims file provided." Ex. 2, attached to ECF No. 59, at 2-3, email dated 9/10/2015 at 10:11 PM. Mr. Rivetti answered this question. He said, "Either Segmiller's office did not forward certain documents to State Farm or, the few documents identified yesterday (obituary, etc.) were sent but not received by State Farm or scanned into the claim file." Id. at 3. It is incumbent on Plaintiff's counsel to identify the documents they believe are missing or have not been forwarded.

If there are inconsistencies in the record that Plaintiff's counsel believes indicate bad faith, then the argument should be made at the proper time and with proof. We are unable to Order State Farm to turn over unspecified material, and we have already ruled on State Farm's privileged documents.

Having discussed what we believe is the subject matter of Plaintiff's motion to compel we will grant in part and deny in part the motion. We will grant the motion to the extent that State Farm must follow the rules and remains under a continuing obligation to provide relevant discovery material. One can tell from our discussion of this motion that we are not ordering counsel for State Farm to do anything they are not already required to do under the Federal Rules of Civil Procedure, this Court's prior orders, and as Officers of the Court. We will otherwise deny Plaintiff's motion.

Counsel for both sides have been engaging in a drawn out and contentious discovery battle in this case. Such conduct, fortunately, is not typical of the practice of the bar in the Western District of Pennsylvania. It consumes valuable time of the court and represents unnecessary expense to the clients. Federal Rule of Civil Procedure 1 states that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." The 1993 Advisory Committee Notes to Fed. R. Civ. P. 1 explain that the words "and administered" were added "to recognize the affirmative duty of the court to exercise the authority conferred by these rules to ensure that civil litigation is resolved not only fairly, but also without undue cost or delay. As officers of the court, attorneys share this responsibility with the judge to whom the case is assigned."

Furthermore, the amendments to Rule 1, which shall go into effect on December 1, 2015, reinforce this principle. They state that the Rule "should be construed, administered, and **employed** by the court **and the parties** to secure the just, speedy, and inexpensive determination of every action and proceeding." (emphasis added). The 2015 Advisory Committee notes explain that the rule was amended "to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way." We trust that henceforth the attorneys here will use their best efforts to resolve their differences in an amicable fashion and without the involvement of the court.

Accordingly, the following Order is hereby entered.

AND NOW, this 6th day of October, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion to Compel Discovery (ECF No. 54) is GRANTED in part and DENIED in part as follows.

Plaintiff's Motion to Compel is GRANTED insofar as STATE FARM is ORDERED to comply with its obligations under the Federal Rules of Civil Procedure and this Court's Orders and produce all relevant discovery material requested by Plaintiff that has not already been produced. If State Farm withholds any document based on a claim of attorney-client privilege, State Farm shall produce a privilege log identifying the document and explaining the claimed privilege.

Plaintiff's Motion to Compel is DENIED to the extent that Plaintiff requests "any and all documents that have been listed and/or identified in the privilege log" as Plaintiff has not at this time set forth a basis on which we should order State Farm to produce privileged documents. If there are documents identified on the privilege log that Plaintiff wishes to challenge, the challenge must be done by specifically identifying the document and setting forth an argument as to why a document identified as privileged should be produced. We reiterate that counsel should first meet and confer in an attempt to meaningfully resolve any dispute before filing a motion.

Plaintiff's Motion to Compel is DENIED in all other respects.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge